IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT LEE REICH,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. MIKE REGAN, CHIEF MARK JOHNSON, CAPTAIN RAY VAUGHN, and THE CITY AND COUNTY OF BUTTE-SILVER BOW,<br><br>Defendants. | CV 24–36–BU–DWM<br><br>ORDER |

In May 2024, Plaintiff Robert Reich, a state inmate proceeding without counsel, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that his rights under the First and Fourteenth Amendments were violated because he was denied the ability to practice his Native American religion. (Docs. 2, 10.) Defendants Sergeant Mike Regan, Chief Mark Johnson, Captain Ray Vaughn, and the City and County of Butte-Silver Bow[1] were ordered to answer, (*see* Doc. 13), and now seek to dismiss Reich's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. 21). Subsequently, Reich moved for leave to amend his complaint. (*See* Docs. 18, 28.) The parties have

---

[1] Reich improperly named Silver Bow County Detention Center. The correct entity has been substituted here.

1

also filed numerous "notices" related to ongoing events at the facility. (*See, e.g.*, Docs. 29, 30, 32, 33, 34, 35, 36, 37.) Ultimately, Defendants' motion to dismiss is granted and the matter is dismissed without leave to amend.

## ANALYSIS

### I.   Matters Under Consideration

While Reich initially filed this action in May 2024, (*see* Doc. 2), he subsequently amended his complaint in July 2024, (*see* Doc. 10), and that amended pleading was served on Defendants following prescreening under 28 U.S.C. § 1915(e)(2), (*see* Doc. 13). Thus, the sufficiency of Reich's allegations are limited to the information contained in his July 31, 2024 Amended Complaint. *See Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019). However, both Reich and Defendants have filed numerous notices, motions, and responses both related to and unrelated to the allegations contained in the Amended Complaint. These filings include:

- August 5, 2024: Reich's supplement indicating that while bibles are offered on every block in the facility, he is of the Turtle Mountain Chippewa Cree of Belcourt, N.D. and has not been able to exercise his Native American religious beliefs since entering custody, (Doc. 11);

- August 26, 2024: Reich's supplement indicating the specific steps he has taken to attempt to get materials needed to practice his religion, specifically

2

- identifying Chief Johnson and Captain Vaughn, (Doc. 12);

- [August 30, 2024: Service Order entered, (Doc. 13);]

- October 4, 2024: Reich's supplement alleging general negligence and constitutional violations occurring at the facility, not related to his religious claims, (Doc. 17);

- October 22, 2024: Reich's "motion for amended information" to add Sheriff Ed Lester as a defendant, (Doc. 18);

- October 25, 2024: Defendants' motion to dismiss, (Doc. 21);

- November 1, 2024: Reich's response to the motion to dismiss, (Doc. 23);

- November 15, 2024: Defendants' reply in support of their motion to dismiss, (Doc. 24);

- November 29, 2024: Reich's second response to the motion to dismiss, (Doc. 27);

- December 2, 2024: Reich's "motion for leave to amend information in response to opposition to defendants' motion to dismiss" on grounds that he is only seeking monetary damages and not relief associated with bail, (Doc. 28);

- December 2, 2024: Reich's "brief in support of retaliation claim" indicating that Defendants improperly "drained" his inmate trust account to cover his court fees, (Docs. 29, 30);

3

- December 10, 2024: Defendants' response to Reich's December 2 request for leave to amend, (Doc. 31);

- December 12, 2024: Defendants' response to Reich's notices of retaliation, (Doc. 32), and related affidavit by Chief Johnson, (Doc. 33);

- December 23, 2024: Reich's response regarding his accounts, (Doc. 34);

- January 23, 2025: Reich's "notice of amended information [-] further evidence of constitutional violations" that he has not been permitted to make legal copies, (Doc. 35);

- February 4, 2025: Defendants' response to Reich's legal copies notice, (Doc. 36); and

- February 10, 2025: Reich's "notice" asking the Court to "take the time to review the grievances [he] sent" regarding legal materials and copies, (Doc. 37).

Fundamentally, Defendants are correct in their consistent objection that Reich's "notices" and "amendments" are not considered part of the operative pleading in the case and therefore are not considered here. Contrary to Reich's approach to litigating this matter, civil complaints do not evolve with continuing developments on the ground. To the contrary, a civil complaint is frozen in time as of the date of filing; it seeks to adjudicate past wrongs. To this end, the case law is clear that a pleading must be a self-contained document from which both the defendants and

4

the Court can proceed to either respond to or review. With this in mind, most of these filings are not considered here.

First, the crux of Reich's complaint is the denial of religious rights and services as of July 2024. (*See* Doc. 10.) Reich's ancillary subsequent allegations regarding his inmate account and general malfeasance at the facility are not part of this case and are not considered here. Second, Reich may not use serial filings of supplements and notices to cure factual deficiencies in his Amended Complaint. Reich was given both specific guidance and a previous opportunity to make his claim. (*See* Doc. 9.) The case must proceed as pled.[2] Additionally, while Reich's request to add Sheriff Ed Lester as a defendant arguably falls within the liberal amendment standard that governs at this stage of the proceeding, *see* Fed. R. Civ. P. 15(a), Reich fails to identify any specific, non-speculative facts underlying Lester's liability, (*see* Doc. 18). Ultimately, Reich's requests to amend his complaint or pursue alternative claims or relief not identified in his Amended Complaint, (*see* Docs. 10, 11) are denied.

## II.     Motion to Dismiss

### A.     Legal Standard

---

[2] Reich's initial supplement, Doc. 11, was filed only five days after his Amended Complaint and prior to the matter being served. Due to Reich's pro se status and the nature of that filing, Doc. 11 is considered part of the pleadings. (*See* Doc. 13 at 2 (requiring that both Docs. 10 and 11 be served on Defendants).)

5

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). While pro se complaints are construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), "a liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint," *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). The facts are taken from Reich's Amended Complaint, (*see* Docs. 10, 11), and are assumed to be true and construed in the light most favorable to him, *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021).

**B. Discussion**

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v.*

6

*McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

Here, Reich alleges that his First and Fourteenth Amendment rights were violated when Defendants denied him "religious items" with which to practice his "Native American religion." (Doc. 10 at 4–5.) More specifically, Reich alleges that while the Sergeant Regan told him that the facility does not offer religious services of any kind, Chief "Johnson could consider religious visits if approved," "they have Bibles on every block, [a]nd offer visits to priests." (Doc. 11.) As an enrolled member of the Turtle Mountain Chippewa Cree of Belcourt, N.D., Reich alleges he "ha[s] not been able to practice [his] religious beliefs since [his] arrest on 3-1-24 and ha[s] to watch people pray in a group prayer daily." (*Id.*)

Defendants argue that Reich fails to state a plausible claim because his Free Exercise rights have not been violated, and he does not allege facts permitting a reasonable inference that a policy, practice, or custom of the facility was the moving force behind his allegations. Defendants also argue that he cannot pursue his claims against the individual defendants in their individual or supervisory

7

capacity, as he fails to sue them in that capacity. Because Defendants are correct as to their first argument, Reich's claims are dismissed on that ground.

### 1. Free Exercise

"The Free Exercise Clause of the First Amendment, made applicable to the States through the Fourteenth Amendment, provides that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . .'" *Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022) (quoting U.S. Const. amend. I). "To merit protection under the Free Exercise Clause, [a plaintiff]'s belief must be sincerely held and religious in nature." *Id.* (internal quotation marks omitted). "Once a claimant demonstrates that the challenged regulation impinges on his sincerely held religious exercise, the burden shifts to the government to show that the regulation is reasonably related to legitimate penological interests." *Id.* (internal quotation marks omitted). Defendants persuasively argue that Reich has failed to meet his initial burden of showing a substantially burdened sincerely held belief.

Here, Reich merely alleges that he is an enrolled member of the Turtle Mountain Chippewa Cree of Belcourt, N.D. Tribe and that he has not been permitted items for Native American religious services. (*See* Docs. 10, 11.) He does not identify the nature of the items he has been denied or how they play a role in his religious practice. While "[i]t is not within the judicial ken to question the

8

centrality of particular beliefs or practices of faith," *Jones*, 23 F.4th at 1145 (quoting *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)), it is unclear from the pleading here what religious activities Reich seeks to engage in and how they have been limited. This omission is particularly important here, as the threshold for substantial burden is quite high: "A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015). Accordingly, Reich fails to state a free exercise claim as a matter of law.

  **2. Establishment**

  The Establishment Clause provides that "[n]either a state nor the Federal Government . . . can pass laws which aid one religion, aid all religions, or prefer one religion over another." *Everson v. Bd. of Edu. Of Ewing Tp.*, 330 U.S. 1, 15 (1947); *see Larson v. Valente*, 456 U.S. 228, 244 (1982) ("The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another."). Here, Reich only makes passing reference to the Establishment Clause. (*See* Doc. 10 at 3, 4; Doc. 11.) He states that while "they have Bibles on every block, and offer visits to priests, (Doc. 11), the facility "do[es] not offer religious services of any kind" and that "Johnson could consider

9

religious visits if approved," (Doc. 10 at 7; *see also* Doc. 11). These allegations do not show that the facility favors one religion over another. Reich's claim is appropriately addressed above in the context of the Free Exercise Clause.

## III. Amendment

While courts should generally permit pro se litigants an opportunity to amend their complaint to state a plausible claim, *see United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (internal quotation marks omitted), a court does not abuse its discretion by disallowing a plaintiff to amend when the plaintiff has been previously notified of deficiencies in his claims but failed to cure them, *see Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Here, Reich was informed of the deficiencies identified above prior to the filing of his Amended Complaint. (*See* Doc. 9.) As argued by Defendants, not only did Reich's amended pleading fail to remedy the shortcomings in his original pleading, the current pleading contains fewer facts than those originally alleged. Accordingly, Reich will not be given another opportunity to amend.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Defendants' motion to dismiss (Doc. 21) is GRANTED. This matter is DISMISSED WITH PREJUDICE.

2. The Clerk is directed to terminate all other pending motions.

3. The Clerk is directed to enter judgment by separate order and close the case. The Clerk is further directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 18th day of March, 2025.

_____
Donald W. Molloy, District Judge
United States District Court